UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE DOW CHEMICAL COMPANY,

                Petitioner,

    v.

OLIN CORPORATION and

BLUE CUBE OPERATIONS LLC,

                Respondents.

---

20-Cv-06608 (SHS)

MEMORANDUM & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Petitioner The Dow Chemical Corporation has filed a motion to seal two exhibits supporting its petition to confirm a final arbitration award. (Pet'r's Agreed Mot. Seal, ECF No. 4; *see also* Agreed Pet., ECF No. 1.) The exhibits, which were attached to Dow's counsel's declaration in support of the petition to confirm the award, contain the final arbitration award itself as well as the Site Services Agreement (SSA) out of which the arbitration arose. (Decl., ECF No. 5.) Respondents Olin Corporation and Blue Cube Operations LLC support Dow's motion to seal. (*Id.* at 2.)

There is a general presumption in favor of public access to judicial documents. *Lown v. Salvation Army, Inc.*, No. 04-Cv-01562 (SHS), 2012 WL 4888534, at *1 (S.D.N.Y. Oct. 12, 2012); *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). "Judicial documents" include any items—such as the exhibits at issue here—filed with a court and "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). The presumption is overcome, however, where a party's "interest in protecting confidential business information outweighs" the qualified public right of access. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009).

After reviewing the final award and the SSA, the Court concludes that the parties' interest in confidentiality outweighs the public's right of access. The exhibits, which set out the parties' manufacturing and service-provision arrangements in great detail, are rife with confidential, highly sensitive business information. The Court agrees that, if the exhibits were made public, the proprietary business information they contain would put the parties at "a significant competitive disadvantage." (Pet'r's Agreed Mot. Seal at 2.)

The Court having reviewed the exhibits at issue, and having determined that the parties' interest in confidentiality outweighs the presumption in favor of public access to judicial documents,

IT IS HEREBY ORDERED that petitioner's motion to seal Exhibits A and B to the Declaration of Nathan P. Eimer (ECF No. 5) is GRANTED.

Dated: New York, New York
       August 28, 2020

SO ORDERED

*[signature]*

SIDNEY H. STEIN
U.S.D.J.

2